U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT 20 2026
CLERK, U.S. DISTRICT COURT
By

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

PHILLIP ANTHONY VISCON (01)

No. 4:26-MJ-828

# CRIMINAL COMPLAINT

I, the undersigned Complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

> From between on or about May 1, 2026 and September 30, 2026, in the Fort Worth Division of the Northern District of Texas, within the boundaries of a federal prison, Carswell Federal Medical Center, located in Fort Worth, Texas, the defendant, **Phillip Anthony Viscon,** did knowingly engage in a sexual act with Jane Doe who was at that time in official detention and under custodial, supervisory, or disciplinary authority of the defendant, a Health Services Administrator in violation of Title 18 United States Code, Section 2243(b).

I further state I am a Special Agent, U.S. Department of Justice Office of the Inspector General (DOJ-OIG), and this complaint is based on the following facts gathered through an investigation I have conducted, my training and experience, and information provided to me by other law enforcement officers.

## INTRODUCTION

1. I, Christopher A. Cannon, am a Special Agent with the DOJ-OIG and have been so employed since March of 2024. I am assigned to the DOJ-OIG's South Central Region – Dallas Office to investigate public corruption within the Department of Justice.

During my tenure at the DOJ-OIG, I have participated in criminal investigations related to public corruption, including, but not limited to, conspiracies, bribery, money laundering, false statements, introduction of contraband, introduction of controlled substances, and inmate sexual abuse. Prior to being employed as a Special Agent with the DOJ-OIG, I was employed as a Special Agent with the U.S. Secret Service (USSS) from December of 2015 to March of 2024. During my tenure at the USSS, I participated in criminal investigations related to financial crimes, including, but not limited to, conspiracies, bribery, identity theft, access device fraud, wire fraud, credit card fraud, counterfeit currency, and bank fraud. While conducting or participating in criminal investigations, I have been involved in interviewing and debriefing witnesses, analyzing financial and phone records and other documents, electronic surveillance, physical surveillance, general questioning of witnesses, execution of search warrants, and collecting and analyzing evidence. I have been the case agent and/or participated in investigations related to public corruption involving criminal statutes, including introduction of contraband into federal prisons under 18 U.S.C. § 1791, and sexual abuse of an individual in federal custody under 18 U.S.C. § 2243. I have received investigative training and instruction at the Federal Law Enforcement Training Centers (FLETC).

2. As a Special Agent with the DOJ-OIG, I am authorized to investigate violations of the laws of the United States and execute warrants issued under the authority of the United States.

3. This affidavit is based upon my personal knowledge, a review of evidence obtained during this investigation, and information obtained by me in my official capacity from other law enforcement officers and sources of information that have proven to be reliable during this investigation and are mentioned herein, and which constitute evidence of sexual abuse of an individual in federal custody, in violation of 18 U.S.C. § 2243(b). Because this affidavit is being submitted for the limited purpose of supporting the issuance of an arrest warrant, I have not set forth in this affidavit everything I have learned from this investigation. Rather, I have set forth only those facts I believe are necessary to support issuance of the requested arrest warrant. The following summary of events is based upon a review of evidence, documents, and information gathered during this investigation that I believe are necessary to establish probable cause to believe that the defendant **Phillip Anthony Viscon (VISCON)**, committed a violation of 18 U.S.C. § 2243(b).

## PROBABLE CAUSE

4. The Federal Bureau of Prisons (BOP) Federal Medical Center (FMC) Carswell located in Fort Worth, Texas is a federal correctional, detention, and penal facility as defined by 18 U.S.C. § 1791(d)(4). FMC Carswell is operated by the BOP. According to the BOP's website, FMC Carswell is described as an administrative security federal medical center in Tarrant County, Texas with an adjacent minimum security satellite camp that currently houses a population of approximately 1,253 female federal inmates. FMC Carswell is located on the grounds of the Naval Air Station (NAS) Fort Worth in the Northern District of Texas.

5. **VISCON** began his employment as a Health Services Administrator at FMC Carswell on June 1, 2025. As a Health Services Administrator, **VISCON** is on the GS – Law Enforcement Officer Pay Scale, GS Grade 13, Step 05, and is considered a Federal Law Enforcement Officer within the meaning of 5 U.S.C. § 8331(20)(A).

6. Jane Doe is a BOP inmate who has been incarcerated at FMC Carswell since on or about December of 2025. Jane Doe worked as an Inmate Nursing Assistant (INA), located in FMC Carswell's Nursing Care Center (NCC), from on or about February 20, 2026, to October 7, 2026. As an INA, Jane Doe assisted with providing nursing care for other inmates and worked with **VISCON** in the NCC.

7. On September 30, 2026, the DOJ-OIG received information from BOP staff that an inmate at FMC Carswell reported **VISCON** was involved in a sexual relationship with Jane Doe and other inmates. Subsequently, the BOP reviewed phone calls and emails between **VISCON** and Jane Doe and discovered multiple calls between Jane Doe and phone number (XXX) XXX-8239 that were made to Jane Doe, in which, **VISCON's** voice was identified as having inappropriate conversations with Jane Doe. Also, the BOP discovered several romantic email exchanges between Jane Doe and the email address [redacted]8942@gmail.com.

8. On October 1, 2026, BOP staff interviewed Jane Doe. During Jane Doe's interview with BOP staff, Jane Doe stated that in May of 2026 she kissed **VISCON** and **VISCON** groped Jane Doe's waist and breast with his hands. Jane Doe stated she had no other physical contact with **VISCON** after the encounter in May.

9. On October 5, 2026, DOJ-OIG Special Agents Cannon and Jessica Wright conducted a voluntary interview of Jane Doe at FMC Carswell in connection with an ongoing investigation regarding alleged violations of 18 U.S.C. § 2243(b). Jane Doe provided the following during the interview:

a. Jane Doe met **VISCON** in April of 2026, and Jane Doe and **VISCON** began consistently communicating in May of 2026 around Mother's Day.

b. **VISCON** and Jane Doe began having personal conversations with each other by discreetly exchanging hand-written letters at **VISCON's** direction. **VISCON** and Jane Doe exchanged approximately five to six letters with each other. Jane Doe returned all the letters to **VISCON** at **VISCON's** request.

c. Jane Doe addressed **VISCON** as "Antonio" when communicating with **VISCON** because Jane Doe knew **VISCON's** middle name is Anthony.

d. Jane Doe described two instances where Jane Doe and **VISCON** had sexual intercourse. The first time was in or around July of 2026, when Jane Doe underwent surgery for her gallbladder removal. One weekend, while Jane Doe was in surgery recovery in the NCC, **VISCON** reported to work. Jane Doe was sleeping and awoke to **VISCON** touching Jane Doe's forehead. **VISCON** then helped Jane Doe enter the shower area. **VISCON** and Jane Doe had sexual intercourse twice in the shower. Another inmate walked into the room and witnessed **VISCON** and Jane Doe exiting the bathroom.

e. Jane Doe provided the following information regarding the second and final sexual encounter that Jane Doe had with **VISCON**. On a subsequent weekend, while in **VISCON's** office on the first floor at FMC Carswell, at approximately 10:00 a.m., **VISCON** and Jane Doe engaged in sexual intercourse. **VISCON** closed his office door during this encounter.

f. Jane Doe stated that **VISCON** purchased and gave Jane Doe a purple silicone ring made by jewelry company Quality Athletics Love Outdoors (QALO). Jane Doe stated **VISCON** initially gave Jane Doe his G-Shock watch to wear; however, **VISCON** requested Jane Doe to return his watch because other inmates and BOP personnel would recognize the watch as belonging to **VISCON**. Instead, **VISCON** purchased a black G-Shock watch for Jane Doe. Jane Doe wore the silicone ring and G-Shock watch during her interview with the DOJ-OIG.

g. **VISCON** and Jane Doe talked often via phone calls. **VISCON** told Jane Doe he bought a temporary phone, and the phone number was (XXX) XXX-8239. This is the same number on the call logs provided by the BOP.

h. **VISCON** and Jane Doe also frequently emailed each other. **VISCON** used a Gmail address with the name "Velasquez" that was later confirmed by **VISCON** to be the email address he used to communicate with Jane Doe.

i. **VISCON** and Jane Doe last communicated via phone and email on September 30, 2026.

10. On October 6, 2026, DOJ-OIG Special Agents Cannon and John Webb conducted a voluntary, audio-recorded interview of **VISCON** at FMC Carswell. **VISCON** admitted to the following during the interview:

a. **VISCON** admitted to having a sexually romantic and inmate relationship with Jane Doe and that the relationship began in or around the early summer/June of 2026 at FMC Carswell's NCC when Jane Doe worked as an INA on the NCC floor.

b. **VISCON** and Jane Doe initially communicated in person and later transitioned to passing notes.

c. **VISCON** purchased a black prepaid Samsung phone to communicate with Jane Doe. **VISCON** and Jane Doe talked often, almost daily, after hours, and **VISCON** knew the calls were recorded by the BOP. **VISCON** claimed he discarded the prepaid phone sometime after September 30, 2026. The phone number **VISCON** used to communicate with Jane Doe was (XXX) XXX-8239.

d. **VISCON** also communicated with Jane Doe via email. **VISCON** made two "fake" email accounts for the sole purpose of communicating with Jane Doe and other female inmates:

i. One email address was [redacted]8942@gmail.com. **VISCON** communicated to Jane Doe using this email address.

ii. The other email address was [redacted]8942@gmail.com. **VISCON** used this email address to communicate with other female inmates.

e. **VISCON** and Jane Doe had sexual intercourse on two occasions, both were after Jane Doe's gallbladder surgery.

f. No one witnessed **VISCON** and Jane Doe engaging in sexual activity; however, one inmate brought an item to Jane Doe while Jane Doe was in recovery in the NCC, and the inmate saw **VISCON** and Jane Doe talking in the recovery room.

g. **VISCON** sent money to Jane Doe through a friend and Jane Doe's cousin. **VISCON** provided DOJ-OIG agents with screenshots of payments he facilitated being sent to Jane Doe via Zelle. The payments ranged from May 31, 2026, to September 28, 2026, and totaled $985.00. **VISCON's** Zelle account is linked to his personal phone number, (XXX) XXX-9321, and his Bank of America account.

h. **VISCON** purchased and brought outside items to Jane Doe including vapes, a beauty blender, breakfast burritos, a purple silicone ring, and a black G-Shock watch. Jane Doe wore **VISCON's** watch for a period before **VISCON** purchased Jane Doe a watch.

## CONCLUSION

11. Based on the above information, I believe there is probable cause to believe the defendant, **Phillip Anthony Viscon** has committed a violation of Title 18 U.S.C. § 2243(b), in that on or between May 1, 2026 and September 30, 2026, in Fort Worth, Texas, in the Northern District of Texas, **Phillip Anthony Viscon**, did knowingly engage in a sexual act with Jane Doe, who was at that time in official detention and under the custodial, supervisory, or disciplinary authority of the defendant, a Health Services Administrator at FMC Carswell. Accordingly, I respectfully request a warrant for **Phillip Anthony Viscon's** arrest to be issued.

Respectfully submitted,

[signature]

Special Agent Christopher A. Cannon
U.S. Department of Justice
Office of the Inspector General

Sworn to and subscribed before me this 20TH day of October 2026 at 1:31 a.m./p.m., in Fort Worth, Texas.

HAL R. RAY, JR.
UNITED STATES MAGISTRATE JUDE